NO. 07-10-0495-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 25, 2011

_____

HEATHER M. STEPHENS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2010-429,099; HONORABLE CECIL G. PURYEAR, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Heather M. Stephens appeals her conviction for possessing methamphetamine in an amount of between four and 200 grams. She contends that the evidence is insufficient to establish the amount of methamphetamine that she possessed fell within that range. We affirm the judgment.

*Background*

On February 9, 2010, law enforcement officers detained Bobby Stephens in his vehicle on the suspicion that he was in possession of a stolen auto hood. After he was arrested, methamphetamine was found in the vehicle. Stephens then informed the officers that he had more methamphetamine in a tool box in a garage where he lived and gave them consent to conduct a search at that location. When officers arrived, they observed appellant (Stephens' wife) in the yard along with two other men. She not only admitted to removing the methamphetamine from a tool box in the garage prior to the arrival of the officers but also gave them a baggy containing the drug and various paraphernalia. Other quantities of methamphetamine were found elsewhere in the garage.

*Sufficiency of the Evidence*

We review the sufficiency of the evidence under the standard discussed in *Brooks v. State,* 323 S.W.3d 893 (Tex. Crim. App. 2010). Again, appellant suggests that the State failed to prove that the amount of methamphetamine she possesed fell between four and 200 grams. We overrule the issue.

Admittedly, the manner in which the State attempted to prove this aspect of its burden could have been better. Sometimes it seems that trial litigators forget to try their case not only for those present in the courtroom but also for those who may have to review the dispute on appeal. Nonetheless, we find evidence of appellant's husband telling the officers that his tool box contained approximately twenty grams of methamphetamine. In turn, evidence of appellant informing the officers that she removed the drugs from the tool box also appears of record. And, other evidence

2

indicated that only "residue" of the drug remained in the box. The foregoing is some evidence upon which a rational factfinder could deduce, beyond reasonable doubt, that appellant exercised possession, custody, and control of a quantum of methamphetamine approximating twenty grams, which sum falls between four and 200 grams.

Accordingly, we find the evidence sufficient to sustain the conviction and affirm the judgment.

Brian Quinn
Chief Justice

Do not publish.